**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

DARRELL D. GEYER                    :
                                    :                    PRISONER
        v.                          :       Case No. 3:03cv1853(CFD)
                                    :
THERESA C. LANTZ, et al.[1]         :

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Darrell D. Geyer ("Geyer"), currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this civil rights action pro se pursuant to 28 U.S.C. § 1915.  Geyer alleges that, while confined at the Corrigan-Radgowski Correctional Institution, he slipped and fell in his cell injuring his toe.  Defendants have filed a motion for summary judgment.  For the reasons that follow, defendants' motion is granted.

---

[1]The named defendants are Theresa C. Lantz, Michael Lajoie and John P. Tarascio.  Lantz is the Connecticut Correction Commissioner; Tarascio is the former Warden at the Corrigan-Radgowski Correctional Institution; and Lajoie is now Warden at Corrigan-Radgowski and was Major of Operations  there. Defendants are named in their official capacities only.

I.   <u>Standard of Review</u>

In considering a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  <u>See</u> Rule 56(c), Fed. R. Civ. P.; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>SCS Communications, Inc. v. Herrick Co., Inc.</u>, 360 F.3d 329, 338 (2d Cir. 2004).  The moving party may satisfy this burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted); <u>accord</u> <u>Goenaga v. March of Dimes Birth Defects Found.</u>, 51 F.3d 14, 18 (2d Cir. 1995).

A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'"  <u>Miner v. Glen Falls</u>, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  <u>Aldrich v. Randolph Cent. Sch. Dist.</u>, 963 F.2d 520, 523 (2d Cir.) (quoting <u>Anderson</u>, 477 U.S. at 248), <u>cert. denied</u>, 506

2

U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact."  Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991).  "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture."  Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide."  Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).  See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d

780, 788 (2d Cir. 1992).  If, "'as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'"  Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements.  See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978).  Nor may he rest on the "mere allegations or denials" contained in his pleadings.  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible).  A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.   Facts[2]

Geyer was confined at the Corrigan-Radgowski Correctional Institution from April 4, 2002, through November 28, 2003.  On July 24, 2003, Geyer reported to the medical unit and told the nurse that he had slipped on an accumulation of moisture on his cell floor, injuring his right great toe.  The nurse noted that Geyer's toenail was torn and that the skin at the tip of his toe was scraped.  The wound was cleaned and dressed, the nurse gave Geyer a diphtheria/tetanus shot, and issued him a cane and flip-flop sandals.  The nurse also recommended that Geyer be seen regularly to change the dressing.

On July 26, 2003, Geyer was seen by another nurse.  The nurse changed the dressing and noted that the wound appeared to be healing well.  On August 9, 2003, Geyer was seen by a third nurse who observed that the wound was still healing well with no sign of infection.  Geyer made no medical complaints regarding

[2]The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #13-2].  Defendants filed their motion for summary judgment on January 18, 2005.  On January 20, 2005, Geyer was provided notice of his obligation to respond to the motion and of the contents of a proper response.  To date, Geyer has neither responded to the motion nor sought additional time within which to respond.  Because Geyer has not submitted a Local Rule 56(a)2 Statement, defendants' facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.")  The court also considers the documents attached to Geyer's complaint.

his right great toe after August 2003.

On July 28, 2003, Geyer wrote to defendant Lajoie describing his injury and asking about precautions to prevent slippery floors.  Lajoie informed Geyer that when the air conditioning units shut down, the humid air within the facility can cause condensation on the cement floors.  The air conditioning units shut down when the facility experiences a power outage because the units cannot operate on the facility's emergency generators. Although power outages do not occur very frequently, the facility is placed on lock-down status for security reasons and to prevent falls on the moist floors.

In August 2004, as a result of this lawsuit, Geyer was examined by a physician at the request of the Office of the Attorney General.  The physician found no evidence of a cut or laceration that would have required stitches or treatment other than that given Geyer.  An X-ray revealed no evidence of a fracture or dislocation of the right great toe.  The physician concluded that Geyer had been treated appropriately by medical staff.

III. <u>Discussion</u>

Geyer claims a violation of his Eighth Amendment rights. The court assumes that Geyer is asserting (1) a claim for unconstitutional conditions of confinement as a result of the

condensation on his cell floor and (2) deliberate indifference to a serious medical need as a result of the allegedly inadequate treatment provided for his toe and back.

Defendants raise six arguments in support of their motion for summary judgment: (1) all claims for damages are barred by the Eleventh Amendment,  (2) Geyer failed to exhaust his administrative remedies with regard to the unconstitutional conditions of confinement claim, (3) defendants did not violate any constitutionally protected right, (4) any claims based on negligence are barred under state law, (5) all claims for injunctive relief are moot and (6) defendants are protected by qualified immunity.

A.    <u>Claim for Injunctive Relief Is Moot</u>

Geyer seeks unspecified declaratory and injunctive relief. The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution.  <u>See</u> <u>Mawhinney v. Henderson</u>, 542 F.2d 1, 2 (2d Cir. 1976).  <u>See also</u> <u>Martin-Trigona v. Shiff</u>, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Other courts

concur with this result.  See, e.g., McAlpine v. Thompson, 187
F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim
for prospective injunctive relief regarding conditions of
confinement is rendered moot upon his release from confinement);
Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (holding
that inmate's suit for declaratory judgment as to whether
correctional officers violated his constitutional rights by
opening his privileged mail outside his presence was rendered
moot by inmate's release from prison); Martin v. Sargent, 780
F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for
injunctive and declaratory relief concerning prison conditions
were moot where prisoner had been moved to another prison unit).

     One of Geyer's claims concerns the conditions in the cells
at Corrigan-Radgowski Correctional Institution.  Geyer has not
been confined at that facility since November 2003.  Thus, any
request for injunctive relief concerning the conditions in the
cells at Corrigan-Radgowski is now moot.

     In addition, "to obtain a permanent injunction a party must
show the absence of an adequate remedy at law and irreparable
harm if the relief is not granted."  New York State Nat'l Org.
for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989) (citing
Rondeau v. Mosinee Paper Co., 422 U.S. 49, 57 (1975)).  To
demonstrate irreparable harm, plaintiff must show an "'injury

8

that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

Geyer's other claim concerns the medical treatment provided after his fall. Defendants have provided the affidavit of the examining physician who states that Geyer was provided appropriate treatment for his toe. In response, Geyer has provided no medical evidence suggesting that the treatment was inappropriate or inadequate and no evidence suggesting that he will suffer irreparable harm should the court deny his request for injunctive relief.

Geyer does also allege that he suffered "terrible" back pain after the fall. Defendants have provided copies of Geyer's medical records. At no time following the fall did Geyer complain to medical staff about back pain. Again, he has provided no medical evidence in opposition to defendants' motion for summary judgment. Thus, the court concludes that Geyer fails

to demonstrate that there is a likelihood that he would succeed on the merits of this claim.

Defendants' motion for summary judgment is granted as to all claims for declaratory and injunctive relief.

B.    Eleventh Amendment Bars Official Capacity Damages Claim

Geyer seeks damages from all defendants, and specifically alleged that he was suing them in their official capacities. Defendants contend that the Eleventh Amendment bars a damages award against them in that setting.

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.  See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 342 (1979).  The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity.  See Kentucky v. Graham, 473 U.S. 159 (1985).  A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

10

Geyer names all defendants in their official capacities only. Thus, his request for damages is barred by the Eleventh Amendment. Defendants' motion for summary judgment is granted as to all claims for damages.

C.   Constitutionally Protected Rights

Even if Geyer had named defendants in their individual capacities, defendants' motion for summary judgment should be granted. As discussed below, the court agrees with defendants' contention that they did not violate any of Geyer's constitutionally protected rights.

Geyer alleges that defendants were deliberately indifferent to his serious medical needs. In his administrative grievances, he complained that he was not provided stitches for his toe. Thus, the court assumes that the basis for Geyer's claim is that he was not treated with stitches. In addition, Geyer alleges that he suffered back pain from the fall.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, however, Geyer must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to his serious medical need. Id. at 106. He must show intent to either deny or unreasonably delay

11

access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  See id. at 104-05.

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."  Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003).  Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," id.; rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act."  McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).  Inmates do not have a constitutional right to the treatment of their choice.  See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).  Thus, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  See Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

Defendants have provided copies of Geyer's medical records and the opinion of a physician who examined Geyer in response to this action.  The physician states that the injury to Geyer's toe was not the type that warranted stitches.  The physician further stated that Geyer was treated appropriately.  Geyer has provided

no contrary medical evidence.  Thus, the court concludes that the claim regarding Geyer's toe is merely a disagreement about the treatment provided.  Such claims are not cognizable under section 1983.

The medical records make no reference to a complaint of back pain and Geyer did not indicate that he was improperly treated for back pain in his grievance.  Geyer has presented no medical evidence to suggest that he suffered back pain and no evidence to suggest that any defendant was aware of his allegation of back pain.  Thus, Geyer fails to meet his burden of presenting evidence to support a claim for deliberate indifference to back pain.

The court concludes that, even if Geyer had named defendants in their individual capacities, summary judgment would be warranted on the claim of deliberate indifference to a serious medical need.

Geyer also alleges that the condensation on the cell floor constituted an unconstitutional condition of confinement.  "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Rhodes v. Chapman, 452 U.S. 337, 351 (1981).  To state an Eighth Amendment claim, an inmate must allege facts

demonstrating failure of prison officials to provide for inmates'
"basic human needs - e.g., food, clothing, shelter, medical care,
and reasonable safety."  DeShaney v. Winnebago County Dept. of
Social Servs., 489 U.S. 189, 200 (1989).  An inmate may prevail
on an Eighth Amendment claim "only where he proves both an
objective element–that the prison officials' transgression was
'sufficiently serious'–and a subjective element–that the
officials acted, or omitted to act, with a 'sufficiently culpable
state of mind,' i.e., with 'deliberate indifference to inmate
health or safety.'"  Phelps v. Kapnolas, 308 F.3d 180, 185 (2d
Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).
The objective element is satisfied where the inmate shows that
the deprivation he alleges is sufficiently serious, i.e., that
his confinement under the alleged conditions violates
contemporary standards of decency.  The subjective element
requires the inmate to show that correctional officials were
aware of and disregarded a substantial risk of serious harm.  See
Phelps at 185-86.  Defendants "must both be aware of facts from
which the inference could be drawn that a substantial risk of
serious harm exists, and . . . must also draw that inference."
Farmer, 511 U.S. at 837.

Geyer alleges that condensation had formed on his concrete
cell floor.  In response to his inquiry, defendant Lajoie

14

indicated that condensation could form when the air conditioning units are inoperative as a result of a power outage in the geographical area which includes the prison.  Defendants have provided affidavits stating that this problem usually occurs only in cells at ground level and that Geyer was confined in a cell on the upper tier.  In addition, defendants state that they have no control over power outages, and that they occur infrequently. Geyer has presented no evidence in opposition to defendants' motion.

The court concludes that the condensation on Geyer's cell floor caused by an air conditioning unit shut-down as a result of a power outage does not violate contemporary standards of decency and does not rise to the level of an unconstitutional condition of confinement.  Thus, defendants would be entitled to summary judgment on this claim as well.

D.   State Law Claims

Supplemental or pendent jurisdiction is a matter of discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  To the extent

that the complaint may be construed to assert state law claims,
such as negligence regarding the condensation on the cell floor,
the court declines to exercise supplemental jurisdiction over
those claims.

IV.  <u>Conclusion</u>

Defendants' Motion for Summary Judgment [**doc. #13**] is
**GRANTED.**  The court declines to exercise supplemental
jurisdiction over any state law claims.  The Clerk is directed to
enter judgment in favor of defendants and close this case.

**SO ORDERED** this 14th day of July, 2005, at Hartford,
Connecticut.

                                   /s/ CFD
                              **CHRISTOPHER F. DRONEY**
                              **UNITED STATES DISTRICT JUDGE**